UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM RESTUCCI,<br>    Petitioner,<br><br>v.<br><br>MASSACHUSETTS PAROLE BOARD,<br>    Respondent. | )<br>)<br>)<br>)   C.A. No. 10-11148-MLW<br>)<br>)<br>) |

ORDER

WOLF, D.J.                                                                             September 9, 2011

On July 8, 2010, petitioner William Restucci filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 (the "petition"). The petition did not articulate particular grounds for relief, but rather referred to an attached affidavit. In the affidavit, petitioner provided a lengthy narrative and appeared to allege defects in a recent parole hearing. However, the facts alleged in the affidavit were inherently incredible,[1] and petitioner articulated no particular legal ground for relief.

On December 13, 2010, respondent moved for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).[2] On December 22, 2010, the court allowed respondent's motion and ordered petitioner to "submit a more definite statement which

---

[1]The affidavit describes a sequence of events involving a shark attack, the Irish Republican Army, decapitations, cyanide poisoning, and amnesia.

[2]The Federal Rules of Civil Procedure may be applied to the extent they are not inconsistent with any statutory provisions or the §2254 Rules. See §2254 Rule 12.

1

specifies each asserted legal ground for relief and states particular facts supporting each ground." See Dec. 22, 2010 Order at 2. The court cautioned petitioner that "[f]ailure to comply with this order will result in dismissal of this action without prejudice." Id.

In a filing dated December 29, 2010,[3] petitioner appeared to assert that his hearing before the parole board violated his rights to due process and equal protection provided by the Fourteenth Amendment to the United States Constitution because the members of the parole board were not fair and impartial. Petitioner also alleged facts in support of these claims. The facts alleged include allegations that: (1) "Attorney General Martha Coakley is Sein Fane's [sic] sister;" (2) that one of the parole officers who participated in the parole hearing murdered witnesses and threw petitioner out of an airplane over Scotland (after previously conspiring to kill him in Asia); (3) that members of the parole board are not fair because they are members of the Irish Republican Army; and (4) that members of the parole board are "filthy

---

[3]Although styled as a motion for leave to file a more definite statement, this document appears to be the statement ordered by the December 22, 2010 Order. Accordingly, as this document is not actually a motion, but is rather a statement ordered by the court, the court is ordering that the Clerk reclassify it as a such and terminate its status as a pending motion.

murderers."[4]

On April 12, 2011, respondent moved to dismiss the action for failure to comply with the court's order requiring a more definite statement, particularly in light of the bizarre nature of petitioner's factual allegations. Petitioner timely opposed the motion. Also pending are petitioner's motions for reconsideration of an order denying petitioner's request for deportation, for immediate release from incarceration based on diplomatic immunity, and for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50.

Respondent's motion to dismiss is being denied. Although the court has the authority to dismiss an action for failure to obey a court order, see Fed. R. Civ. P. 41(b), petitioner obeyed the court's order in that he articulated a legal basis for his claims and facts intended to support those claims. Accordingly, involuntary dismissal for failure to obey court order is not appropriate.

However, respondent's underlying concern, the bizarre and incredible nature of petitioner's factual allegations, justifies dismissal without requiring a substantive response to the

---

[4]Petitioner also makes a variety of apparently irrelevant factual allegations, including allegations regarding petitioner's relationships with Diana Ross (alleged to be the mother of his child) and Al Pacino, petitioner's trip to France with Judge William Young, and petitioner's service in the armed forces (during which he protected "an Asian princess diplomat" from "5 armed Gambino hit men").

3

allegations in the petition. Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (the "2254 Rules"), the court is authorized to dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." This rule permits summary dismissal of petitions relying on palpably incredible or patently frivolous factual allegations. See Blackledge v. Allison, 431 U.S. 63, 76 (1977). Here, because petitioner's factual allegations have little to do with his parole hearing and instead relate a bizarre and inherently incredible series of events, it plainly appears that he is entitled to no relief. Accordingly, the petition is being dismissed.

Pursuant to Rule 11(a) of the 2254 Rules, the court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. To receive a COA, a petitioner must make "a substantial showing of a denial of a constitutional right." See 28 U.S.C. §2253(c)(3). The petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 338. Here, in light of the

4

petitioner's inherently incredible factual allegations, no reasonable jurist could find dismissal of the petition to be debatable or wrong. A COA is being denied as to all claims.

Accordingly, it is hereby ORDERED that:

1. The Petition (Docket No. 1) is DISMISSED.

2. The Clerk shall reclassify the Motion for Leave to Allow More Definite Statement (Docket No. 17) as a memorandum and terminate its status as a pending motion.

3. All other pending motions are MOOT.

4. A COA is DENIED as to all claims.

                                                                            _____
UNITED STATES DISTRICT JUDGE